USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GENZYME CORPORATION,

        Claimant,

- against -

CHRISTINE RICE,

        Respondent.

------------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

15-cv-7892 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        On November 24, 2015, this Court found Respondent Christine Rice in contempt and issued an order (the "Contempt Order") requiring her to cease violating the preliminary injunction order (the "Injunction Order") issued by this Court on October 23, 2015, and levying fines against her in an attempt to coerce compliance. Rice has both ignored the Contempt Order and continued her pattern of misconduct. Claimant Genzyme Corporation ("Genzyme") now moves for further contempt sanctions against Rice in the form of civil incarceration. For the following reasons, Genzyme's motion is GRANTED.

## I.     BACKGROUND[1]

Genzyme filed this action on October 6, 2015 seeking a preliminary injunction in aid of arbitration. The arbitration arose out of Rice's breaches of a Settlement Agreement and Release of all Claims (the "Agreement") between Genzyme and Rice. The Agreement required Rice to keep the claims settled by the Agreement confidential, and to refrain from disparaging Genzyme and its employees.[2] Because Rice was engaged in a pattern of conduct that violated the Agreement, Genzyme initiated arbitration to enforce the Agreement's terms.[3] While the arbitration was pending, however, Rice continued to violate the Agreement. Genzyme then filed this action, seeking a preliminary injunction in aid of arbitration.

Rice failed to oppose Genzyme's motion for a preliminary injunction.[4] After considering the facts before it, this Court issued the Injunction Order on

---

[1]     This case involves sensitive facts that both parties contractually agreed to keep confidential. This opinion therefore enumerates only those facts required to decide this motion, and declines to discuss the details with greater specificity than required.

[2]     *See* Genzyme Corporation's Motion for Additional Sanctions Against Christine Rice at 2.

[3]     *Id.*

[4]     Indeed, Rice has failed to appear at any stage of these proceedings.

October 23, 2015. The Injunction Order enjoined Rice from (1) disclosing the allegations of her settled claims against Genzyme, and (2) disparaging or defaming Genzyme and its employees.[5] It also required Rice to remove certain LinkedIn and Internet posts authored by Rice that constituted violations of her Agreement with Genzyme.[6] Rice was served with the Injunction Order, via Federal Express and email, on September 26. She violated the Injunction Order two days later.[7] On November 24, 2015, this Court found Rice in contempt.

> The Contempt Order required Rice to:
>
> (1) comply with the Preliminary Injunction Order; (2) remove the October 28, 2015 LinkedIn posts, and any other Internet posts, which violate the Preliminary Injunction Order; and (3) pay to the Court a fine of $2,500, plus an additional $250 for each day after the issuance of this Contempt Order on which she is in violation of the Preliminary Injunction Order . . . .[8]
>
> Rice was served with the written Contempt Order on November 30,

---

[5]  *See* 10/23/15 Preliminary Injunction Order at 2 (filed under seal).

[6]  *See id.*

[7]  *See* Transcript of November 24, 2015 Conference ("Tr.") at 3:12-4:24 (filed under seal) (presenting evidence of three Rice communications made two days after issuance of the Contempt Order, the contents of which undoubtedly violate the Court's Injunction Order).

[8]  11/30/15 Contempt Order at 3 (filed under seal).

2015, again by email and Federal Express.[9] In the intervening two months, Rice failed to comply with the Contempt Order. She did not remove the offending LinkedIn posts, and she continued to send disparaging messages to Genzyme employees. On January 19, 2016, Genzyme moved for additional coercive sanctions in the form of civil incarceration, and served this motion on Rice. In lieu of responding to the motion, Rice sent another raft of contemptuous email messages on January 22 and 23, 2016.[10]

## II. LEGAL STANDARD

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."[11] "[I]n order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with,

---

[9] *See* 1/19/16 Affidavit of Lucas Watkins in Support of Genzyme Corporation's Motion for Additional Sanctions Against Christine Rice ("Watkins Aff.") ¶¶ 2-3.

[10] *See* 1/26/16 Supplemental Affidavit of Matthew C. Steinberg in Support of Genzyme Corporation's Motion for Additional Sanctions Against Christine Rice ¶ 2.

[11] 18 U.S.C. § 401.

and (3) find that the alleged contemnor has not clearly established [her] inability to comply with the terms of the order."[12]

"Once civil contempt is established, district courts have 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions.'"[13] In fashioning an appropriate sanction, a court must consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon [her]."[14]  A court must use the least amount of coercive force necessary to ensure compliance.[15]  However, "[i]t is a widely-held and long standing principle that detention as a means of coercing compliance with the court's order [is] an option well within the district court's inherent authority."[16]

---

[12] *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995).

[13] *S.E.C. v. Durante*, No. 01 Civ. 9056, 2013 WL 6800226, at *14 (S.D.N.Y. Dec. 19, 2013) (quoting *EEOC v. Local 28 of Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001)).

[14] *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987).

[15] *See Spallone v. United States*, 493 U.S. 265, 276 (1990).

[16] *Close-Up Int'l, Inc. v. Berov*, 474 Fed. App'x 790, 795 (2d Cir. 2012).

## III. DISCUSSION

There has never been and can be no question that Rice is in willful contempt of this Court's Injunction Order and Contempt Order. The facts conclusively demonstrate that Rice was promptly notified each and every time Genzyme came before this Court seeking relief, from its initial motion for a preliminary injunction in aid of arbitration through this motion for further contempt sanctions. Even after receiving the Contempt Order, Rice — who Genzyme certifies received Genzyme's moving papers and this Court's resulting orders — elected not to respond or appear in Court.[17] These Orders clearly and unambiguously prohibited Rice from engaging in disparaging conduct against Genzyme.

The facts also demonstrate by clear and convincing evidence that Rice has violated the Court's Injunction and Contempt Orders, both by continuing to make the same violative communications complained of by Genzyme in its original motion for a preliminary injunction and by ignoring the Court's order that she pay civil fines, which continue to accrue until she complies with the Injunction Order. Rice has declined to provide any justification for her actions — certainly, she has not clearly established that she is incapable of complying with the Court's

---

[17]   *See* Tr. at 2:6-3:8 (testifying to service on Rice of moving papers); Watkins Aff. ¶¶ 2-3 (certifying service on Rice of Contempt Order).

orders. The Injunction Order requires no payment of fines — it simply requires Rice to cease sending and posting messages that violate her Agreement with Genzyme. She is capable of complying at any time. Therefore, Rice continues to be in civil contempt.

Because Rice has failed to comply with this Court's Injunction and Contempt Orders, despite being given every opportunity to do so, she is hereby ordered incarcerated until she complies with the terms set out in the Injunction Order. Rice's contumacy actively harms Genzyme — she continues to send disparaging emails and messages to Genzyme employees, and has yet to remove disparaging articles and posts from her social media pages. There is also no reason to think a lesser sanction, such as increased fines, would have any impact on her behavior. She has absented herself from the entirety of these proceedings, and the civil fines already levied ($2,500, and $250 per day until she complies with the Court's Injunction Order) failed to secure Rice's compliance. Simply ratcheting up the fines would not protect Genzyme from further disparagement, and there is no reason for this Court to think that Rice would have a change of heart after completely ignoring the fines levied against her in November.

Simply put, this Court is left with only one choice. "While imprisonment for civil contempt is not an insignificant measure, it is necessary in

light of . . . repeated and intransigent failures" to comply with the Court's orders, "and in the interests of protecting the integrity of the Court's orders."[18] It is my hope that civil incarceration will finally motivate Rice to promptly comply with the terms of the Preliminary Injunction.

## IV. CONCLUSION

For the foregoing reasons, claimant's motion for additional coercive sanctions is GRANTED. The Clerk of the Court is directed to close this motion (Dkt. No. 22).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 29, 2016

---

[18] *Adams v. New York State Educ. Dept.*, 959 F. Supp. 2d 517, 520 (S.D.N.Y. 2013).

- **Appearances** -

**For Claimant**:

Daniel Schimmel, Esq.
James Bucking, Esq.
Matthew Steinberg, Esq.
Foley Hoag LLP
1540 Broadway, 23rd Floor
New York, NY 10036
(646) 927-5500

**Respondent (Pro Se):**

Christine Rice
471 N. Broadway, #380
Jericho, NY 11753
chris@recruitingexecs.com